### F. L. Barziza v. Adaline Graves.

Where the plaintiff claimed a negro woman and child as a gift from her deceased husband during their marriage, and her claim was supported solely by parol evidence of the oral declarations of the deceased to establish the gift, it was competent for the defendant to introduce, as rebutting testimony, the will of the deceased, made subsequently to the alleged gift, containing a bequest of that property to her for life, the petition of the plaintiff to the County Court for the probate thereof, and for letters testamentary under it.

Where it is attempted to establish a gift from the husband to the wife, by evidence of the husband's declarations alone, the court should exercise great caution in not excluding from the consideration of the jury any admissible evidence which would tend, though in ever so slight a degree, to counteract the evidence of the husband's declarations. In this case, the bequest was the exercise of an act of ownership, and might be considered as a declaration that the property bequeathed was the property of the testator, which he had the right to dispose of at his pleasure.

APPEAL from Robertson. Tried below before the Hon. John Gregg.

Suit by Adaline Graves against F. L. Barziza, administrator of the estate of Ralph Graves, deceased, for the recovery of a negro woman and her child, which she claimed by virtue of a gift of the woman from the deceased, her husband, in the year 1847.

The plaintiff proved that during the year last aforesaid, the woman being very sick, her husband proposed to give to her the said negro as her separate property, if she would nurse her until

her recovery, and that she did so accordingly. The woman recovered, and the plaintiff proved by a witness that two years afterwards he heard the deceased say he had given the negro woman to his wife for her care and attention aforesaid. The witness heard the deceased, several years after the sickness of the negro, allude to the gift to plaintiff, in a conversation with one of his children. The same facts substantially were proved by two other witnesses.

The defendant offered to read in evidence a will of the deceased, dated December 30th, 1851, which contained a bequest to the plaintiff as follows: "for and during her natural lifetime, and after her death to be equally divided-share and share alike amongst my children, the following negroes, to wit;" naming several, amongst which were included those in controversy in this suit.

The petition for the probate of the will was filed in the County Court by the plaintiff and M. Yell, in November, 1856, and this suit was instituted on the 18th day of February, 1858. Ralph Graves died in August, 1856. The defendant excepted to the ruling of the court excluding the testimony offered by him:

Verdict and judgment for the plaintiff for the slaves sued for, and $218 50, the value of their hire.

*F. L. Barziza*, in *pro. per.*

*Gould & Prendergast*, for the appellee.

BELL, J.—The defendant in the court below proposed to read in evidence what purported to be the will of Ralph Graves, deceased, dated December 13th, 1851, and also the petition of Adaline Graves and M. Yell, to the County Court, for the probate of said will, and for letters testamentary in accordance with its provisions. The court refused to permit this evidence to go to the jury, in which ruling we think there was error. The will which was offered in evidence showed that the deceased, Ralph Graves, had disposed of the negro woman and child in controversy, as his own property. The dispositions of the will, in relation to this woman and child, amounted to a clear act of ownership on the part of the deceased, which ought to have been submitted to the

consideration of the jury, inasmuch as the plaintiff's claim to the woman and child was supported solely by parol evidence of the oral declarations of the deceased. In the case of Bradshaw v. Mayfield, 18th Tex., 21, it was said that "verbal sales and gifts between husband and wife ought not to be admitted, unless on clear and satisfactory proof that the property was divested out of the vendor or donor, and vested in the vendee or donee." Where it is attempted to establish a gift from the husband to the wife by evidence of the husband's declarations alone, the courts should exercise great caution in not excluding from the consideration of the jury, any admissible evidence which would tend, though in ever so slight a degree, to counteract the evidence of the husband's declarations. The bequest of the property in the will, in the present case, was an act of ownership. It might be considered as a declaration that the property bequeathed was the property of the testator, of which he had a right to dispose at his pleasure.

We think, therefore, that the will, and the petition for its probate, and for letters testamentary under it, should have been admitted in evidence, that the jury might attach such weight to this act of ownership on the part of the deceased, and to the plaintiff's act in seeking to establish the will, as to them might seem proper under all the circumstances of the case.

The judgment of the District Court is therefore reversed, and the cause remanded for another trial.

Reversed and remanded.